**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| 3C CONSULTING, LLC, | ) |
| Plaintiff, | ) |
| | ) No. 21-cv-04838 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| JEFF REHBERGER, et al., | ) |
| Defendants. | ) |
| | ) |
| JEFF REHBERGER, | ) |
| Counter-Plaintiff/ Third-Party Plaintiff, | ) |
| v. | ) |
| 3C CONSULTING, LLC, et al., | ) |
| Defendants and Third-Party Defendants. | ) |

**ORDER**

Third-Party Defendant Nic Easley's motion to dismiss Third-Party Plaintiff Jeffrey Rehberger's third-party complaint [48] is granted. The third-party complaint against Nic Easley is dismissed. The dismissal is without prejudice to Rehberger seeking leave to file an amended third-party complaint that remedies the pleading deficiencies identified in the Statement below. Rehberger should be prepared to inform the Court whether he desires an opportunity to file an amended third-party complaint at the telephonic status hearing on January 31, 2025.

**STATEMENT**

This case was initiated by 3C Consulting, LLC ("3C Consulting") asserting claims against Rehberger and Fortunate Son Partners, LLC for the alleged breach of a contract involving services and consulting regarding the process for applying for a cannabis license.[1] Along with his answer, Rehberger responded to the complaint by filing a counterclaim against 3C Consulting and a third-

---

[1] The complaint originally included claims for federal trademark and copyright infringement (Counts II–V). Those claims, however, were voluntarily dismissed with prejudice. (Dkt. No. 20.)

party complaint ("TPC") against Nic Easley, 3C Consulting's chief executive officer. The counterclaim alleges a breach of contract by 3C Consulting. The TPC, which is the subject of the present motion, asserts a claim for common law fraud against Easley, alleging that he made multiple false statements of material fact to induce Rehberger to enter into an agreement. Now before the Court is Easley's motion to dismiss the TPC pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In addition, a party alleging fraud must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the complaint to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Generally, Rule 9(b) applies to any claim that "sounds in fraud—in other words, one that is premised upon a course of fraudulent conduct." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotation marks omitted). To meet the heightened pleading standard, a plaintiff must allege the "who, what, when, where, and how" of the alleged fraudulent conduct. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). That means the plaintiff typically must include "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (internal quotation marks omitted). While Rule 9(b)'s particularity requirement may be relaxed where the plaintiff lacks access to critical facts, *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013), generalized or conclusory allegations are insufficient.

Here, Easley contends the fraud claim against him should be dismissed for failure to plead it with particularity. The Court agrees. The allegations in the TPC relating to the fraud claim consist of the following:

- Easley made multiple false statements of material fact to Rehberger to induce him to enter into the agreement with 3C Consulting and pay it to provide materials and services for the completion of cannabis applications, including but not limited to statements concerning the experience and abilities of himself and other agents and employees of 3C to provide the materials and services promised, the assistance and materials that he and 3C would provide concerning the cannabis license applications, the quality of the assistance and materials that he and 3C would provide concerning

---

[2] 3C Consulting answered the counterclaim. (Dkt. No. 22.)

- the cannabis license applications, and the ability to use any materials provided by 3C on other applications. (TPC ¶ 11, Dkt. No. 21.)

- Easley knew the statements he made to Rehberger as stated in the above paragraph were false. (*Id.* ¶ 12.)

- Easley intentionally made the false statements to induce Rehberger to enter into the agreement and make payments to 3C Consulting. (*Id.* ¶ 13.)

- Rehberger relied on the false statements in entering into the agreement and paying 3C Consulting $100,000. (*Id.* ¶ 14.)

- As a result of his reasonable reliance upon the false representations made by Easley, Rehberger suffered monetary damages, including but not limited to paying 3C for materials and services that were not provided, and paying additional funds to a third party for the materials and services need to complete the cannabis applications. (*Id.* ¶ 15.)

Only Paragraph 11 of the TPC contains any description of the alleged misrepresentations by Easley. And there, Rehberger only provides a list of the general subject matters about which he claims Easley made misrepresentations—such as Easley's "experience and abilities" and the "quality of the assistance and materials" he would provide—without stating what the actual misrepresentations were or why those statements were false. Rehberger also fails to include any facts indicating when and by what means (for example, verbally or in writing) the alleged misrepresentations were made. There is no apparent reason why Rehberger would not have access to this information given that he is the person who claims to have received and relied upon them. *Cf. Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998) ("Rule 9(b) is satisfied by a showing that further particulars of the alleged fraud could not have been obtained without discovery").

Accordingly, the Court finds that the TPC against Easley fails to meet the heightened pleading standard required for fraud claims under Rule 9(b). His motion to dismiss is therefore granted.

Dated: January 30, 2025

_____
Andrea R. Wood
United States District Judge